Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>WHITE PEARL MEDI-SPA & NAIL LOUNGE LLC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 1:26-cv-4139<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams alleges as follows:

**JURISDICTION AND VENUE**

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.    This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d)

1
**COMPLAINT**

and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5.      Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

6.      Defendant White Pearl Medi-Spa & Nail Lounge LLC ("White Pearl" or "Defendant") is an Illinois limited liability company with a principal place of business at 1952 S River Rd, Des Plaines, IL 60018.

7.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8.      For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### Plaintiff Tamara Williams is a professional photographer

9.      Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her

2
**COMPLAINT**

natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams (previously @tamarawilliams1), which has amassed over 600,000 followers.

10.     Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim,* and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11.     Williams is the sole creator and exclusive rights holder to a beauty photograph of a blonde model named Angelia ("Angelia Photograph").

12.     Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

13.     Williams registered the Beauty Photograph with the United States Copyright Office under Registration No. VA 2-259-542 with an effective date of registration of July 13, 2021.

14.     Attached hereto as Exhibit B is a true and correct copy of Registration VA 2-259-542.

15.     The Angelia Photograph was initially published with Plaintiff's Watermark, and Plaintiff's Watermark is visible in Exhibit A.

16.     Williams is the sole creator and exclusive rights holder to a beauty photograph of a model named Seezan ("Seezan Photograph")

17.     Attached hereto as Exhibit C is a true and correct copy of the Seezan Photograph.

18.     Williams registered the Beauty Photograph with the United States Copyright Office under Registration No. VA 2-274-918 with an effective date of October 19, 2021.

19.     Attached hereto as Exhibit D is a true and correct copy of Registration VA 2-274-918.

20.     The Seezan Photograph was initially published with Plaintiff's

3
**COMPLAINT**

Watermark and Plaintiff's Watermark is visible in Exhibit C.

21. The Angelia Photograph and the Seezan Photograph shall collectively be referred to as the "Beauty Photographs".

*Defendant White Pearl  is a commercial business*

*with online marketing*

22. Upon information and belief, Defendant is and was at all relevant times, the owner and operator of a commercial website https://www.whitepearlmedicalspa.com/ ("Defendant's Website").

23. According to Defendant's Website, Defendant is a medical spa and nail salon that offers "a wide range of services ranging from laser hair removal and photofacials to tumescent liposuction. More services we offer include cosmetic injections (BOTOX®, JUVÉDERM®, and more), microneedling, facials, HydraFacial®, and more." *See generally*  https://www.whitepearlmedicalspa.com/.

24. White Pearl manages, operates, and controls a commercial Instagram page @whitepearlmedspa ("Defendant's Instagram") which promotes Defendant's services and other social media platforms to increase the customer base and revenue.

25. On information and belief, Defendant's Instagram generates content in order to promote Defendant(s)' products, attract social media followers and user traffic to Defendant's Website, and generate profit and revenue for the company and its owner(s).

26. Specifically, the biography section of Defendant's Instagram includes a link to Defendant's Website and a direct link to Defendant's online appointment booking platform.

27. At all relevant times, Defendant's Instagram was readily accessible to the general public throughout Illinois, the United States, and the world.

28. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Instagram (including the activities alleged in this Complaint).

4

**COMPLAINT**

29. At all relevant times, Defendant had the ability to supervise and control all content on Defendant's Instagram.

### *Defendant's Infringing Conduct*

30. On or about July 31, 2025, Williams discovered her Angelia Photograph copied to and displayed on Defendant's Instagram as the primary photograph for a "Story Highlight" section dedicated to promoting Defendant's filler services ("Story Infringement").

31. Attached hereto as Exhibit E is a true and correct screenshot of the Angelia Photograph as copied to and displayed on Defendant's Instagram as part of the Story Infringement.

32. According to Instagram, users are able to upload a photograph to their Instagram Story, which will remain displayed and published for 24 hours. *See* https://help.instagram.com/1729008150678239/?helpref=uf_share.

33. Users then have the ability to save their Instagram Story as a "Story Highlight", which will remain published and pinned indefinitely to the top of the user's profile, until the user chooses to remove it. Story Highlights are compilations of previously saved Instagram Story posts that the user manually selects to be added to the Story Highlights, and which can be organized and placed into personally labelled Story Highlights at the top of the user's profile. *See* https://help.instagram.com/813938898787367/?helpref=uf_share.

34. Upon information and belief, users can select which photograph will be displayed as the "pinned" and primary photograph of the Story Highlight at the top of their profile, i.e. they select the photograph that visitors to their profile will see first when looking at the "Story Highlight" section of the user's profile.

35. Upon information and belief, Defendant White Pearl also published the Angelia Photograph to their Instagram Story for 24 hours before they saved the Angelia Photograph to their Story Highlights.

36. On or about July 30, 2025, Plaintiff discovered her Seezan Photograph

copied to and displayed on Defendant's Instagram in a post with the caption: "Perfect your pout this March! Get Mini Lip Filler for just $250 this month at White Pearl Med Spa. A subtle, natural boost for a more defined and hydrated look! Limited-time special – book now! Call or text 847-312-1599 to schedule. #lipfiller #minilipfiller #whitepearlmedspa #plumplips #marchspecial" ("Lip Filler Infringement").

37. Attached hereto as Exhibit F is a true and correct screenshot of the Seezan Photograph published to and displayed on Defendant's Instagram as part of the Lip Filler Infringement, directly promoting Defendant's "Mini Lip Filler" special.

38. The Story Infringement and the Lip Filler Infringement shall collectively be referred to as the "Infringing Posts".

39. Despite Plaintiff's Watermark being present on both of the Beauty Photographs, as shown in Exhibit A and C, the Beauty Photographs, as used in the Infringing Posts, were cropped so that Plaintiff's Watermark is no longer visible.

40. Shortly after discovering the unauthorized use of the Beauty Photographs, Williams, through counsel, reached out to Defendant to have the Beauty Photographs removed from Defendant's Instagram and so that Williams could be compensated for the unauthorized use of her Beauty Photographs but the Parties were unable to reach a resolution.

41. In no event did Williams consent to, authorize, or provide Defendant with a license to make a copy or publicly display the Beauty Photographs on Defendant's Instagram, with the Infringing Post or in any other manner.

42. Williams is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Beauty Photographs and caused it to be uploaded to and displayed on Defendant's Instagram.

43. Williams is informed and believes that the purpose of the use of the Beauty Photographs on Defendant's Instagram was to promote and encourage sales of Defendant's services by providing a high-quality, professionally-produced

photograph to assist the viewer in visualizing the results that could be achieved by using Defendant's services.

44. Specifically, Defendant used the Beauty Photographs in the Infringing Posts to directly promote its lip filler services by using the Angelia Photograph as the primary story photograph for Defendant's "filler" services and by using the Seezan Photograph to directly advertise Defendant's mini lip filler special.

45. Williams is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Williams' original and unique Photographs in order to acquire a direct financial benefit, through revenue from the sales of Defendant's lip filler services from the use of the Beauty Photographs.

46. On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photographs.

47. Specifically, the Beauty Photographs were originally published with Plaintiff's Watermark and Defendant, despite being on notice of Plaintiff's ownership of the Beauty Photographs, did not seek a license or permission from Plaintiff for use of the Beauty Photographs.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs.

49. Williams owns a valid copyright in the Beauty Photographs.

50. Williams registered the Beauty Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**COMPLAINT**

51. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's rights in the copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

52. Specifically, Defendant made an unauthorized copy and then publicly displayed the Beauty Photographs with the Infringing Post on Defendant's Instagram.

53. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

55. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

56. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendants infringed Williams' copyright interest in the Beauty Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory

**COMPLAINT**

damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

• For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;

• For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

• For pre judgment interest as permitted by law; and

• For any other relief the Court deems just and proper.

Dated: April 14, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

9

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tamara Williams hereby demands a trial by jury in the above matter.

Dated: April 14, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

10
**COMPLAINT**